UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JORGE PADRON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-05870-DJC-JDP<br><br><u>RELEASE ORDER</u><br><br>A# 029-026-429 |

Petitioner Angel Jorge Padron is a noncitizen detainee proceeding under a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1.) Petitioner is a Cuban citizen who was ordered removed to Cuba in 2005 and who was previously detained and released on an Order of Supervision. (Opp'n, Ex. A (ECF No. 6-1) at 39.) On February 24, 2026, Respondents re-detained Petitioner and served him with a notice revoking his release. (Opp'n at 2.) Respondents notified Petitioner that they were re-detaining him "for violations of his release conditions based on convictions for possession of a controlled substance, burglary, and assault," and stated their "intent to remove him to Mexico." (Opp'n at 2; Opp'n, Ex. A at 30–31.) Petitioner has refused to cooperate with removal to Mexico despite increasing pressure by Respondents. (Opp'n at 2–3; Opp'n, Ex. A at 1–3, 5–10, 13–17, 20–22, 32.)

The Court agrees with Respondents that they "lawfully revoked" Petitioner's prior release pursuant to an Order of Supervision "upon violation of conditions." (Opp'n at 3.) However, the Court disagrees with Respondents' assertion that "continued detention is constitutional" under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because Petitioner's "removal is foreseeable" and because his "non-cooperation extends the removal period." (*Id.* at 4.) Petitioner has been detained while subject to a final removal order well over eight months and does not consent to removal to Mexico. This case is materially indistinguishable from the Court's prior decisions in *Garcia v. Warden, Cent. Valley Annex*, No. 1:26-cv-04659-DJC-JDP, 2026 WL 2254380, at *1 (E.D. Cal. Aug. 4, 2026), and *Prado v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-04738-DJC-CSK, 2026 WL 2262335, at *2 (E.D. Cal. Aug. 5, 2026), which all concerned Cuban nationals with final removal orders detained under 8 U.S.C. § 1231 for over six months to effectuate their removal to Mexico despite their non-consent to that removal. The Court resolves the case on the same basis and concludes that Petitioner's removal is not reasonably foreseeable.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Ground One of the Petition.[1]
2. Respondents are ordered to immediately release Angel Jorge Padron from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Padron.1-26-cv-05870.merits